## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID LEE FRANK, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00362-WS-N |
| | ) | |
| NOAH PRICE OLIVER, *Warden*, | ) | |
| *Mobile County Metro Jail*, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

Petitioner David Lee Frank, an Alabama inmate proceeding *pro se* and *in forma pauperis*, has filed a Superseding Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 5).[1]  Also pending are Frank's motion to amend his petition (Doc. 7) and "motion to subpoena all the defendants" (Doc. 8).  Under S.D. Ala. GenLR 72(b), Frank's habeas petition and related motions have been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R).  After conducting preliminary review in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that Frank's

---

[1]     Frank was ordered to file a superseding petition because his initial petition (Doc. 1) was not on this Court's form.  *See* (Doc. 4); Rule 2(d)F of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 84 & CivLR 9(a).   Frank was advised that his "new petition will supersede his original petition; therefore, [Frank] shall not rely upon his original petition."  (Doc. 4 at 1).

    Because Frank's initial petition also contained a demand for money damages and injunctive relief, Frank was also advised that, "[t]o the extent Frank seeks monetary damages and injunctive relief for deprivation of federal rights, he must file a separate civil action under 42 U.S.C. § 1983 and must either pay the statutory filing fee of $400 or file a separate motion to proceed without prepayment of fees, or *in forma pauperis* ('IFP'), under 28 U.S.C. § 1915."  (*Id.*).   Frank's superseding petition (Doc. 5) contains no demand for damages or injunctive relief.

superseding habeas petition (Doc. 5) is due be **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition, and that consequently his pending motions (Docs. 7, 8) are due to be found **MOOT**.

## I.      Second or Successive Habeas Petition

Frank's petition challenges a criminal judgment entered against him by the Circuit Court of Mobile County, Alabama, in April 8, 1992, on his convictions for first-degree rape and sodomy.[2]   However, the docket of this Court reflects that Frank already filed a habeas petition in 1999 challenging that conviction.  (*See David Lee Frank v. Gwendolyn Mosley*, S.D. Ala. Case No. 1:99-cv-00871-AH-C).  The record in Frank's 1999 habeas case reflects that his petition there was dismissed with prejudice as time-barred under the one-year limitations period for bringing such petitions imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), by judgment entered February 10, 2000.  (*See* S.D. Ala. Case No. 1:99-cv-00871-AH-C, Docs. 13, 16, 17).[3]   The record does not reflect that any appeal was taken

---

[2] Frank's present petition (Doc. 5) and his motion for leave to amend his petition (Doc. 7) reference a recent arrest for his failure to comply with Alabama's sex offender notification and registration law.   While Frank "contends he is not required to register as a sex offender" (Doc. 5-1 at 6), this contention is premised entirely on the proposition that his 1992 conviction is invalid.

[3] The documents comprising the record of Frank's 1999 case are not available electronically. The undersigned has scanned the physical copies of documents 13 (magistrate judge's recommendation that the petition be dismissed as time-barred), 16 (district judge's order adopting magistrate judge's recommendation over Frank's objections), and 17 (judgment dismissing petition as time-barred) from the 1999 case file and attaches them to this report as Exhibits 1, 2, and 3, respectively.

in Frank's 1999 habeas case.  Thus, the habeas petition in this action (Doc. 5) is a second or successive petition challenging his 1992 criminal judgment.[4]

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts.  Here, nothing in the record indicates that Frank has received such an order.  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)).

Accordingly, the undersigned finds that Frank's present habeas petition (Doc. 5) is due to be **DISMISSED** for lack of jurisdiction as an unauthorized second or

---

[4]     "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014).  Dismissal of a habeas petition as time-barred is a judgment on the merits.  *See Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) (unpublished) ("[A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir.2003) ('[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.').").

Frank's operative 1999 habeas petition was unclear whether he was challenging his 1992 conviction or the 1995 revocation of his probation to serve the remainder of his sentence on that conviction.  Regardless, the Magistrate Judge's Report and Recommendation in the 1999 habeas action, which the Court adopted in full, found that a challenge to either was untimely under AEDPA.  (*See* Exhibit 1, pp. 5-6 ("Petitioner did not appeal his guilty plea or the revocation of his probation.  Therefore, the judgment of conviction was final forty-two days after the petitioner's conviction … Likewise, the judgment of probation revocation became final forty-two days after his probation was revoked on December 8, 1995.  Since both judgments became final prior to the effective date of AEDPA, the statute ran as to both on April 23, 1997 … Because petitioner did not file his Rule 32 petition or present habeas petition within one year from April 24, 1996, the Court determines that petitioner's present habeas petition, which was filed on September 16, 1999, is barred by the one-year period of limitations.").

successive petition and that his pending motion to amend his petition (Doc. 7) and "motion to subpoena all the defendants" (Doc. 8) are therefore **MOOT**.[5]

## II.    <u>Certificate of Appealability</u>

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

## III.    <u>Appeal *In Forma Pauperis*</u>

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir.

---

[5] Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Assuming without deciding that § 1631 permits district courts to construe a "second or successive" application as a motion to obtain authorization for consideration of such an application and to transfer it to the appropriate circuit court of appeals, or alternatively that a district court may stay consideration of a "second or successive" application while the applicant seeks authorization from the circuit court, *see Guenther v. Holt,* 173 F.3d 1328, 1330 & n.4 (11th Cir. 1999) (noting that other circuits permit these procedure but finding it unnecessary to decide whether they "would be viable as an abstract matter"), such a transfer or stay is only warranted "in the interest of justice." *See id.* at 1330-31. The interest of justice does not warrant a § 1631 transfer or a stay here, as Frank has not alleged facts plausibly suggesting that either of the two statutory grounds for bringing a second or successive petition is present. *See* 28 U.S.C. § 2244(b)(2).

> 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

It is indisputable that this Court lacks jurisdiction to consider the merits of Frank's present habeas petition because it is an unauthorized second or successive petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Frank of the dismissal of the present habeas petition would be without merit and therefore not taken in good faith.

## IV.    Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that Frank's present habeas petition (Doc. 5) be **DISMISSED** for lack of jurisdiction, and that his pending motions (Docs. 7, 8) be found **MOOT**.  It is further **RECOMMENDED** that the Court find Frank not entitled to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

## V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of

the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of October 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**